UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SERIE H., | ) | No. SACV 19-475 AGR |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| ANDREW SAUL, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff[1] filed this action on March 11, 2019.  The parties filed a Joint Stipulation that addressed the disputed issues.  The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

---

[1]  Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 9, 10.)

# I.

## **PROCEDURAL BACKGROUND**

Plaintiff filed applications for disability insurance benefits and supplemental security income on May 21, 2015, and alleged an onset date of April 1, 2013. Administrative Record ("AR") 16.  The applications were denied initially and on reconsideration.  AR 16, 160-61, 167-68.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On November 14, 2017, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified.  AR 41-76.  On January 24, 2018, the ALJ issued a decision denying benefits.  AR 16-33.  On December 3, 2018, the Appeals Council denied review.  AR 1-6.  This action followed.

# II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

### III.

### DISCUSSION

#### A.    Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

#### B.    The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through March 31, 2017.  AR 18.  Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff had the severe impairments of degenerative disc disease and degenerative joint disease of the cervical and lumbar spine; diffuse idiopathic skeletal hyperostosis; degenerative joint disease of the left hip and knee; diabetes mellitus with peripheral neuropathy; bilateral carpal tunnel syndrome; status post carpal tunnel surgery, left; fibromyalgia; tendonitis of the left elbow and right shoulder; depression; and anxiety disorder.  AR 18.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, except that (a) she could sit and stand/walk for six hours in an eight-hour workday with normal breaks; and (b) she would be most successful in an occupation with the freedom to alternate at will between sitting and standing/walking at

---

[3]  The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

the workstation without being off-task.  Plaintiff could occasionally climb stairs and ramps, but could never climb ladders or scaffolds.  Plaintiff could occasionally kneel, crouch, and crawl.  Plaintiff could occasionally reach in front laterally and using her left upper extremity, but reaching with her right upper extremity is unrestricted.  Plaintiff could handle and finger occasionally with her left extremity and frequently with her right extremity.  Plaintiff should avoid exposure to unprotected heights, heavy vibrations and workplace hazards.  Plaintiff should have no more than occasional exposure to concentrated dust, odors, fumes and pulmonary irritants.  Plaintiff should not operate a motor vehicle commercially.  Plaintiff should have no more than occasional exposure to extreme temperatures.  Plaintiff is best suited to an occupation performing routine, repetitive tasks with no high production quotas and not in a fast-paced work environment.  AR 23-24.

The ALJ found that Plaintiff was unable to perform any past relevant work but could perform jobs that exist in significant numbers in the national economy such as ticket taker, mail clerk, and storage facility rental clerk.  AR 31-32.

## C.   RFC

Plaintiff argues that the RFC was not supported by substantial evidence because (1) the ALJ failed in her duty to develop the record because she interpreted medical evidence by finding greater functional limitations than recommended by any physician, and (2) the ALJ did not properly evaluate the effects of Plaintiff's fibromyalgia.

The RFC measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471 (1986).  The RFC is a determination of "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); *Treichler v. Comm'r*, 775 F.3d 1090, 1097 (9th Cir. 2014).  It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e).  The ALJ's RFC assessment must be supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

4

1       <u>Development of the Record</u>

2       Plaintiff does not challenge the ALJ's consideration of the opinion evidence in her

3  case.  Rather, Plaintiff argues that the ALJ improperly translated the medical evidence

4  into functional terms that were not recommended by any physician, and instead should

5  have further developed the record by arranging for an updated consultative examination

6  or a medical expert at the hearing.

7       In weighing the opinion evidence of Plaintiff's physical impairments, the ALJ gave

8  little weight to the orthopedic consultative examiner because it was not reliable.  She

9  gave partial weight to the state agency physicians, finding their opinions generally

10  consistent with the medical evidence at the time they were prepared in 2015 and 2016.

11  AR 25, 30.  The ALJ indicated that Plaintiff's condition "significantly worsened" after the

12  state agency physicians rendered their opinions, as reflected in imaging showing nerve

13  root compression in her lumbar spine and records indicating her status following her

14  carpal tunnel surgery in 2017.  AR 30.  The ALJ found Plaintiff required greater

15  limitations beyond those identified by the state agency physicians, including limiting her

16  to never climbing ladders or scaffolds and only occasionally handling and fingering with

17  her left extremity.  AR 23-24, 30.

18       An ALJ "has an independent 'duty to fully and fairly develop the record and to

19  assure that the claimant's interests are considered.'"  *Tonapetyan v. Halter*, 242 F.3d

20  1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.

21  2001)).  "An ALJ's duty to develop the record further is triggered only when there is

22  ambiguous evidence or when the record is inadequate to allow for proper evaluation of

23  the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

24       The ALJ found that Plaintiff's condition "significantly worsened" after the date of

25  the state agency physicians' opinions.  The ALJ did not find that the evidence was

26  ambiguous or that the record was inadequate to allow for proper evaluation.  Nor does

27  the record establish ambiguity or inadequacy necessary to trigger the ALJ's duty to

28  develop the record.  Rather, the ALJ was able to make a determination based upon a

review of all of the evidence in the record, including medical records and treatment notes that provided information about Plaintiff's physical condition after the date of the state agency physicians' opinions.  Those records and notes, as discussed and considered by the ALJ, reflect that Plaintiff experienced hypersensitivity in her left palm and along her surgical scar after her carpal tunnel surgery.  An MRI showed new nerve root compression in her lumbar spine and Plaintiff received treatments to her lumbar spine with varying success.  AR 25-26.  After completing a full evaluation of the objective medical evidence, the ALJ credited the state agency physicians' opinions but assessed greater physical limitations in accordance with the subsequent changes in Plaintiff's lumbar spine and left hand.

Under these circumstances, the court finds that the ALJ did not improperly interpret medical evidence and did not need to further develop the record.  *See Jose Z. v. Saul*, 2020 WL 434259, at *8-9 (C.D. Cal. Jan. 28, 2020) (finding ALJ did not improperly interpret objective medical evidence in functional terms and did not need to further develop record when she "discussed and analyzed the objective evidence as required by the regulations," including evidence dated after consultative examinations, before making RFC finding "based on the evidence already available to her"); *Black v. Berryhill*, 2018 WL 6184605, at *9-10 (E.D. Cal. Nov. 27, 2018) (finding ALJ did not need to further develop record when he adopted more restrictive RFC than recommended by consultative examiners after performing "a complete evaluation of the evidence," which included reviewing post-surgery records dated after consultative examinations).  The RFC is supported by substantial evidence.

<u>Fibromyalgia</u>

Plaintiff argues that the ALJ failed to properly evaluate the effects of her fibromyalgia in formulating the RFC.  The ALJ found that Plaintiff's physicians characterized her fibromyalgia as severe and she had positive soft tissue trigger points. The ALJ identified fibromyalgia as one of the reasons for limiting Plaintiff to light work with a sit/stand/walk option at will.  AR 24, 30-31.  Plaintiff is correct that her medical

record reflects a greater range of issues associated with her fibromyalgia, including joint pain, muscle pain, and morning stiffness, that the ALJ did not discuss.  *See e.g.*, AR 415, 430, 451, 598, 607, 628, 639, 689-90.  Plaintiff, however, has not pointed to anything in the record that indicates she requires greater functional limitations than those assessed by the ALJ due to the effects of her fibromyalgia.  Plaintiff references only her subjective testimony, which is discussed below.

Accordingly, the ALJ properly considered Plaintiff's fibromyalgia and assessed an RFC that is supported by substantial evidence.

### D.   Subjective Allegations

In assessing a claimant's subjective allegations, the Commissioner conducts a two-step analysis.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  First, the ALJ determines whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged.  *Id.*  Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  AR 27.

Second, when, as here, the record does not contain evidence of malingering, the ALJ must give specific, clear and convincing reasons for discounting the claimant's subjective allegations.  *Vasquez*, 572 F.3d at 591.

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were inconsistent with the medical evidence and other evidence in the record.  AR 27.  "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  Here, however, the ALJ discounted Plaintiff's symptom testimony solely because the objective medical evidence did not support the severity of her alleged symptoms.  AR 27-28.  Therefore, Plaintiff has shown error, and this matter must be remanded for reconsideration of Plaintiff's testimony.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

DATED: August 18, 2020

ALICIA G. ROSENBERG
United States Magistrate Judge